Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>OMAR SÁNCHEZ MOLINA<br><br>Peticionario | KLCE202500017 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Crim. Núm.:<br>A VI2006G0031 y otros<br><br>Por: Art. 106 del CP (Asesinato en Primer Grado) |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de enero de 2025.

Comparece ante nos el señor Omar Sánchez Molina ("señor Sánchez Molina" o "Peticionario") mediante *Certiorari* recibido el 7 de enero de 2025. Nos solicita que revoquemos la *Resolución* dictada el 24 de noviembre de 2024 y notificada el 26 de noviembre del mismo año, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla ("foro primario" o "foro *a quo*"). Por virtud del aludido dictamen, el foro primario declaró *No Ha Lugar* una moción al amparo de la Regla 188 de Procedimiento Criminal, 34 LPRA Ap. II, R. 188.

Por los fundamentos expuestos a continuación, **denegamos** la expedición del auto de *certiorari.*

### I.

Conforme surge del expediente ante nuestra consideración, el 31 de agosto de 2006, el Peticionario fue declarado culpable de asesinato en primer grado, tentativa de asesinato y violación a

ciertos artículos de la Ley de Armas de Puerto Rico.[1] Los aludidos delitos responden a hechos ocurridos el 30 de abril de 2006, cuando en un negocio de bebidas alcohólicas ubicado en el municipio de San Sebastián se suscitaron unos acontecimientos que culminaron con la vida del señor Roberto Lisboa González.

Posteriormente, el 17 de octubre de 2024, el señor Sánchez Molina presentó *Moción* en la que solicitó la celebración de un nuevo juicio al amparo de la Regla 188 de Procedimiento Criminal, *supra*.[2] En esencia, la contención del Peticionario responde a que, según su criterio, la prueba que desfiló en el juicio no justificaba un veredicto de asesinato en primer grado. Además, argumentó que los testimonios vertidos en la vista fueron preparados por el fiscal y acusó al juez que lo sentenció de haber obtenido beneficios personales por la convicción. Evaluado el escrito, el 21 de noviembre de 2024, el foro *a quo* emitió *Resolución* y declaró *No Ha Lugar* la moción interpuesta por el Peticionario.[3]

Inconforme, el señor Sánchez Molina presentó el recurso de epígrafe el cual recibimos el 7 de enero de 2025, y formuló los siguientes señalamientos de error:

> Primer error = El quantum de prueba requerido para establecer un asesinato en primer grado no fue satisfecho, ya que solo se sostuvo con una prueba testifical parcial por familiares y personas con lasos afectivos hacia la víctima, que según ellos fue un cordero y no tenía en su posición nada para defenderse. Pueblo v. Sulman.

> Segundo error = Los Tribunales existen para derivar obstáculos en el camino hacia lo justo, un tribunal debe ser imparcial como una seguridad jurídica la cual un ciudadano no será sometido por el Estado ni por jueces a penas no admitidas por el pueblo, el encausamiento criminal en el presente caso fue por analogía y no por razonamiento del juzgador.

> Tercer error = Las victimas en el presente caso son comerciantes de municipio de San Sebastián y contaban con el favor del juez corrupto, sin embargo la condición social del imputado lo coloco en desventaja ante las circunstancias del Tribunal.

---

[1] Dado a que los hechos del caso se remontan al 2006, la ley de armas que se aplicó fue la Ley de Armas de Puerto Rico, Ley Núm. 404-2000, según enmendada, 25 LPRA sec. 455 et seq. (Edición de 2016, Suplemento de 2019).

[2] Véase, Anejo 1, Apéndice del Recurso.

[3] Véase, Apéndice del Recurso.

Cuarto Error = A base de las circunstancias en el proceso original, es más probable que el convicto sea inocente que la actual convicción del Sr. Omar Sánchez Molina. (Duda razonable)

De conformidad con la Regla 7 (B) (5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5), prescindimos de la comparecencia de la parte recurrida, ello con el propósito de lograr la más justa y eficiente adjudicación del caso ante nuestra consideración.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra*, pág. 712.

### III.

Expuesto el marco jurídico y ponderados los argumentos presentados por la parte aquí Peticionaria, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Al amparo de los criterios que guían nuestra discreción, no intervendremos en la determinación recurrida. En el presente caso, el señor Sánchez Molina no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos. Por lo cual, somos del criterio que en el presente caso procede que se deniegue el recurso de *certiorari* de epígrafe.

### IV.

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones